941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael N. MILLIGAN, Plaintiff-Appellant,
v.
Tom VALDEZ, Joe Paolino, Lou Hesse and Greg Bodakian,
Defendants-Appellees.
 No. 91-1210.
 United States Court of Appeals, Tenth Circuit.
 Aug. 20, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Milligan appeals the dismissal of his 42 U.S.C. § 1983 action.
 
 
 3
 Mr. Milligan is an inmate in a Colorado state prison. Mr. Milligan was engaged in a fight with another inmate. As a result, disciplinary charges were filed. These charges were subsequently dropped. He lost his prison job in the gym. The prison's reasons were that it could not "have inmates working in the gym who have conflicts with other inmates." This employment termination action was upheld by a hearing officer. Mr. Milligan then went through the prison grievance procedure concerning back pay and job retention. Mr. Milligan wanted back pay for the days he did not work. As this procedure yielded no favorable results, he filed this pro se § 1983 action seeking back pay, restoration of his job at the gym and a satisfactory work rating.
 
 
 4
 The district court referred the matter to a magistrate who concluded Mr. Milligan failed to allege he had been deprived of a federal right and recommended dismissal. The district court, after considering Mr. Milligan's objections, reviewed the matter de novo and in a thorough and correct four page Order analyzed Mr. Milligan's claims and concluded the complaint must be dismissed for failure to state a claim.
 
 
 5
 Mr. Milligan appeals pro se asserting the district court failed to address the issues raised; e.g., he was punished by the job loss and this violated his "liberty" interest. Mr. Milligan fails to understand that in his complaint he alleged his "firing" from his gym job was upheld by a hearing officer. This issue was fully addressed by the district court.
 
 
 6
 Mr. Milligan also asserts the district court failed to address his complaint that the other inmate engaged in the fight was treated differently. Again, the district court did address this issue and concluded that Mr. Milligan had failed to allege a violation of his fundamental rights or that he was a member of a protected class.
 
 
 7
 Finally, Mr. Milligan asserts the district court failed to address the issue of his good time credits. Mr. Milligan's complaint fails to raise this issue as Mr. Milligan alleged that "no penalties were given." He failed to allege he had been denied "full earned time" and in the event the complaint can be so read, insufficient facts are set forth.
 
 
 8
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3